UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON COUCH JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>MARCOS CAMACHO, et al.,<br><br>Defendants. | No. 2:18-cv-00173-MCE-KJN (PS)<br><br><br>ORDER |

Plaintiff Brandon Couch Jonson, who is proceeding without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Construed liberally, it appears that plaintiff's complaint attempts to bring a claim under 42 U.S.C. § 1983 for illegal seizure on November 7, 2016, and on December 28, 2016, in violation of his Fourth Amendment rights.[2] (See ECF No. 1.) However, plaintiff has not explained the

---
[2] Plaintiff also invokes the Fourteenth Amendment in his complaint. However, it is well established the claims for illegal seizure and excessive force must be brought under the Fourth

details that precipitated his arrests. He vaguely describes that, even though he did not break any laws, he was arrested at gun point, without elaborating further. (Id.) Moreover, plaintiff claims that defendants have engaged in a conspiracy to violate his constitutional rights, without providing any factual basis to support these conclusory allegations of conspiracy. (Id.)

Additionally, toward the end of the complaint, plaintiff requests "the Court to issue [a] writ of habeas corpus directed to Scott Jones, Sacramento County Sheriff." (Id. at 9.) Procedurally, plaintiff must seek a writ of habeas corpus in an independent action. The court cannot consider that request in the instant civil action.

Furthermore, it appears that plaintiff has improperly joined Scott Jones as a defendant in this action, in any event. Pursuant to Federal Rule of Civil Procedure 20(a), individuals may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action. See also George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed.R.Civ.P. 21; Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir.1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Here, it is unclear what factual basis supports including Scott Jones in an action for illegal arrest, where he was not present. Aside from the conclusory and unsupported allegations of conspiracy, it appears that plaintiff's complaints against Scott Jones—which themselves are vague and conclusory—deal with the terms and conditions of plaintiff's incarceration (see ECF No. 1), an unrelated matter that should be brought in a separate action.

For these reasons, the complaint is subject to dismissal.

Nevertheless, in light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a 42 U.S.C. § 1983 claim, the court finds

---

and not the Fourteenth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (U.S. 1989).

it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 5, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.18-173.johnson v. comacho.ifp.dis.leave